UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**GLENN D. ODOM, II** *et al.* **PLAINTIFFS**

**v.** **CIVIL ACTION NO. 5:12-CV-P124-R**

**DR. STEVE HILAND** *et al*. **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

The two Plaintiffs in this action, Glenn D. Odom, II and Jason L. Banks, jointly filed this *pro se* action pursuant to 42 U.S.C. § 1983. They name five Defendants in this case. Plaintiffs generally allege claims of deliberate indifference to serious medical needs, racial discrimination by prison medical personnel in the treatment of African-American prisoners housed in segregation units, violations of the Rehabilitation Act and Americans with Disabilities Act, and intentional and negligent infliction of emotional distress. At this juncture of the case, the Court will address the joinder of the Plaintiffs.

The Court may "[o]n motion or on its own . . . sever any claim against a party." Fed. R. Civ. P. 21. Rule 21 does not provide any standard by which district courts are to determine if parties are misjoined, thus courts look to Rule 20 for guidance on how to make such a determination. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010). Rule 20 provides as follows:

> Person may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1). "The joinder of claims, parties, and remedies is 'strongly encouraged' when appropriate to further judicial economy and fairness." *Morgan v. Cohen*,

No. 2:11-CV-11780, 2011 WL 2461470, at *2 (E.D. Mich. June 16, 2011) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)). However, when claims are unrelated, parties should not be allowed to join multiple plaintiffs and defendants. *Id*. Additionally, "many federal district courts have found that the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder of prisoner plaintiffs otherwise allowed by Rule 20(a)(1)." *Boretsky v. Corzine*, No. 08-2265 (GEB), 2008 WL 2512916, at *5 (D.N.J. June 23, 2008). These courts have noted difficulties such as: the need for each plaintiff to sign every pleading; the transitory nature of prison populations; the possibility that documents may be changed by one of the plaintiffs; that prisoners may attempt to compel authorities to allow them to gather to discuss their lawsuit; the possibility of coercion in relationships between inmates; and the need to resolve individualized administrative exhaustion issues. *Id*. at *5-6.

The present action alleges that Plaintiff Odom sustained an injury to his scrotum in December 2011. According to the complaint, after being transferred to Kentucky State Penitentiary [hereinafter KSP], Plaintiff Odom repeatedly attempted to discuss his symptoms of pain and bleeding from his penis with Defendants Chanin Hiland, Steve Hiland, and Terri Jones, but they were deliberately indifferent to this serious medical need. Plaintiff Odom also contends that Defendant Chanin Hiland's and Defendant Steve Hiland's lack of appropriate treatment of his condition was because of his "mental disability"; thus, it constitutes "Disability Discrimination." Plaintiff Odom alleges that Defendant Chanin Hiland and Defendant Steve Hiland treat the mentally ill prisoners differently than those prisoners who are not mentally ill. Further, he alleges that these Defendants never took Plaintiff Odom out of his cell to examine

him, something he alleges violates KSP policy. According to the complaint, Defendant Crall upholds this violation of KSP policy by not ensuring that Defendant Chanin Hiland and Defendant Steve Hiland follow proper policy.

As for Plaintiff Banks, this action alleges that Defendant Chanin Hiland refused to renew a prescription medication that was successful in treating a stomach condition that causes vomiting, severe abdominal pains, and obstruction of his bowel. According to the complaint, Defendant Crall upheld the denial of the medication. The complaint also alleges that in June 2012, Plaintiff Banks "was a victim of excessive force by nearly a half dozen officers." The Court notes that it does not appear that an excessive force claim is being alleged in this case, as no officers have been named as Defendants. However, Plaintiff Banks contends that he sustained injuries to his right shoulder and arm as a result of this alleged use of excessive force. He alleges that he asked Defendant Steve Hiland to order an x-ray of his injuries, but his request was denied, and Defendant Steve Hiland did not even perform an examination of his injuries.

Additionally, both Plaintiffs appear to be alleging that Defendant Chanin Hiland and Defendant Steve Hiland treat the African-American prisoners who are in segregation and in need of medical care differently from the Caucasian prisoners who are in segregation and in need of medical care. According to Plaintiffs the Caucasian prisoners in segregation are taken out of their cells and examined, and they are provided care in situations in which the African-American prisoners in similar situations are not. Plaintiffs contend that Defendant Crall is aware of this difference, but fails to do anything about it.

These claims are not properly joined under Fed. R. Civ. P. 20(a) because they are not asserted jointly, severally, or "with respect to or arising out of the same transaction, occurrence,

or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1)(A).  Likewise, for all but possibly the claimed difference in treatment given to African-American inmates as compared to Caucasian inmates, there is no "question of law or fact common to all plaintiffs [that] will arise in the action." Fed. R. Civ. P. 20(a)(1)(B).  Each Plaintiff's medical claims is wholly separate from the others'.  While they both complain about denial of appropriate medical treatment, they do not allege that the treatment or lack thereof arose out of the same transaction, occurrence, or series of transactions or occurrences or allege a question of fact or law which would be common to the treatments.  Plaintiffs' claims do not involve the same medical issues and would require different medical evidence and different witnesses.  Both Plaintiffs allege that some Defendants provide different medical treatment to African-American inmates in segregation than they provide to Caucasian inmates in segregation; however, the instances and inmates involved in the alleged discrimination are different for this claim as alleged by Plaintiff Banks and Plaintiff Odom.  All of the alleged claims would necessitate different evidence and testimony to resolve the administrative exhaustion issues.  Furthermore, all of the unique impracticalities involved in multiple prisoner litigation as referenced above pose potential problems in this case.

In addition, Plaintiff Banks has filed a motion for appointment of counsel (DN 10), two motions to amend (DNs 11 & 18), a letter requesting an additional document be added to the complaint (DN 14), a letter requesting a copy of the complaint (DN 17), requests for production of documents (DN 15), and interrogatories (DN 16).  None of these documents is signed by Plaintiff Odom.  Plaintiff Odom has filed a motion to amend that purports to be filed on behalf of both Plaintiffs, but is only signed by him (DN 12).  These filings indicate to the Court that the Plaintiffs intend to litigate their cases separately.  Accordingly,

4

1) **IT IS ORDERED** that the complaint will be **SEVERED** pursuant to Fed. R. Civ. P. 21. The Clerk of Court is **DIRECTED** to docket the instant civil action number as being filed by Glenn D. Odom, II as the single plaintiff.

2) The **Clerk of Court** is further **DIRECTED** to open a new civil action identifying Jason L. Banks as Plaintiff with the complaint in the instant action (DN 1) docketed as the opening document. The Clerk shall docket the complaint as of the filing date of the original complaint, August 14, 2012. The **Clerk of Court** is also **DIRECTED** to send Plaintiff Banks a copy of the docket sheet from the new action.

3) Each Plaintiff shall, within **30 days** of entry of this Memorandum Opinion and Order, **file an amended complaint to re-assert his own claims** from the original complaint and omit those claims and Defendants which relate solely to the other Plaintiff. Each amended complaint shall be filed on the Court-approved form for filing an action under 42 U.S.C. §1983. The **Clerk of Court** is **DIRECTED** to send each Plaintiff a blank §1983 complaint form with the appropriate civil action number affixed thereto and a copy of the *Pro Se* Prisoner Handbook.

4) Considering that each Plaintiff will be filing a new amended complaint, documents number 11, 12, 14, and 18 are **DENIED** as being moot.

5) Documents number 15 and 16 are discovery requests propounded by Plaintiff Banks that do not need to be filed with the Court and are premature. The Court has not performed initial review of this action pursuant to 28 U.S.C. § 1915A and determined whether any of the Plaintiffs' claims shall proceed. Thus, none of the Defendants have been served in this case. The Court will take no action in regard to these filings. If, after performing initial review in his

action, the Court allows any claims of Plaintiff Banks to proceed forward, he may engage in appropriate discovery at that time.

6) The **Clerk of Court** is also **DIRECTED** to remove DNs 5, 6, 10 and 17 filed by Plaintiff Banks from the instant action and docket them in his new action. As the Court has addressed DNs 11, 12, 14, 15, 16, and 18 herein, these documents need not be removed and docketed in the new action.

Date:

cc: Plaintiffs, *pro se*
4413.003