UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**GLENN D. ODOM, II**                                                                                     **PLAINTIFF**

v.                                                                      **CIVIL ACTION NO. 5:12CV-P124-R**

**DR. STEVE HILAND** *et al*.                                                                        **DEFENDANTS**

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for a temporary restraining order (TRO) and preliminary injunction (PI) (DN 29).

In his motion, Plaintiff states that Defendants have refused to provide him proper medical care. Plaintiff states that he has abdominal pain and his penis has been dripping blood for many months. According to Plaintiff, his physician at his prior place of incarceration ordered an ultrasound, but Defendants have refused to even examine Plaintiff. He seeks an order from this Court directing Defendants to examine him and provide him appropriate medical care and treatment.

Rule 65 of the Federal Rules of Civil Procedure directs when a temporary restraining order may be granted. The rule provides in pertinent part as follows:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). A temporary restraining order is an extraordinary remedy to which Plaintiffs have no right. *Norwalk Core v. Norwalk Bd. of Educ.*, 298 F. Supp. 203, 206 (D. Conn. 1968). The grant or denial of a temporary restraining order is discretionary with the Court. *Id.* at 206. Its purpose is to preserve the status quo until a hearing can be held on the motion for preliminary injunction. *Id.* The law is clear that a temporary restraining order will

not be granted unless there is a strong showing of probable success on the merits and irreparable injury. *Cnty. Sec. Agency v. Ohio Dep't of Commerce*, 296 F.3d 477, 485 (6th Cir. 2002); *Procter and Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 226 (6th Cir. 1996).

In the present case, Plaintiff has failed to show that immediate and irreparable injury or damage will result before Defendants can be heard in opposition. Further, Plaintiff has failed to certify any efforts he has made to give notice to Defendants or explain why such notice should not be given.

For these reasons, Plaintiff's motion for a temporary restraining order (DN 29) is **DENIED.**

Plaintiff also requests the Court to enter a preliminary injunction. According to Federal Rule of Civil Procedure 65(a)(1), such an order may issue only on notice to the adverse party.

Therefore, **IT IS ORDERED** that **within 21 days** of entry of this Memorandum and Order Defendants will file a response to the motion for preliminary injunction (DN 29). Plaintiff may file a reply **within 14 days** of service of Defendants' response.

The **Clerk of Court** is **DIRECTED** to serve Defendants with a copy of Plaintiff's motion for temporary restraining order and preliminary injunction (DN 29).

Date:

cc: Plaintiff, *pro se*
 Defendants
 General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.003