UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00124-TBR

GLENN D. ODOM, II                                                              Plaintiff

v.

STEVE HILAND, *et al.*                                                      Defendants

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Plaintiff Glenn Odom's motion for preliminary injunction. (Docket No. 29.) Defendants have responded, (Docket No. 35), and Plaintiff has replied, (Docket No. 40). This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's motion for preliminary injunction will be DENIED.

BACKGROUND

Plaintiff filed his Amended Complaint on February 27, 2013, claiming (1) deliberate indifference to his serious medical needs under 42 U.S.C. § 1983; (2) racial discrimination under 42 U.S.C. § 1981(c); (3) violation of the Americans with Disabilities Act, 42 U.S.C. § 12101; (4) violation of the Rehabilitation Act, 29 U.S.C. § 794; and (5) negligent and intentional infliction of emotional distress in violation of 42 U.S.C. § 1985(3) and (4). (*See* Docket No. 25.) Upon screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the Court dismissed all of Plaintiff's claims except for his § 1983 deliberate indifference claims against Defendants Steve Hiland and Chanin Hiland, in their individual capacities, and his claim against Defendant Doug Crall, in his official capacity as medical director for

the Kentucky Department of Corrections, for prospective injunctive relief based on allegations of an unconstitutional informal prison policy of denying examinations to African American inmates housed in segregation. (Docket No. 27.)

Plaintiff then filed his instant motion for injunctive relief on May 24, 2013. (Docket No. 29.) Plaintiff states that he has abdominal pain and that his penis has been dripping blood for many months but claims that Defendants have refused to provide him proper medical care. According to Plaintiff, his physician at his prior place of incarceration ordered an ultrasound, but Defendants have refused to even examine him. In support of that statement, Plaintiff attaches a printout of a "progress note" dated December 29, 2011, which appears to be written by Carol Cornett, a nurse practitioner. (Docket No. 25-15.) That progress note reads, in relevant part: "Monitor for now-- advised to use ibuprofen [for] pain/discomfort . . . . If continues w/ numbness will consider ultrasound w/ doppler exam." (Docket No. 25-15.) Plaintiff seeks an order from this Court directing Defendants to examine him and provide him appropriate medical care and treatment.

On June 11, 2013, the Court entered an Order denying Plaintiff's motion for a temporary restraining order. (Docket No. 31, at 2.) In that Order, the Court found that Plaintiff had neither shown that immediate and irreparable damage would result before Defendants could be heard in opposition nor had he certified any efforts he had made to give notice to Defendants or to explain why such notice could not be given. (Docket No. 31, at 2.) The Court then ordered Defendants to respond to Plaintiff's motion for preliminary injunction within 21 days.

Less than one week after entry of that Order, the Court received a letter from Plaintiff dated June 10, 2013. (Docket No. 33.) Despite that the "RE:" line stated "Emergency cry for help," Plaintiff acknowledged in that letter that prison medical staff had examined him, tested his urine, and provided him the antibiotic Cipro. (Docket No. 33.) Plaintiff averred that the antibiotic was worsening his abdominal pain, stating: "I was going to withdraw my T.R.O. and P.I. but I'm now forced to push for a genuine examination so I can receive a thorough testing and diagnosis." (Docket No. 33.) He goes on to conclude: "[S]omething is terribly wrong with me and I will die within six (6) – eight (8) months—I can feel it! In five (5) months I'll be vomiting feces." (Docket No. 33.)

Defendants thereafter responded to Plaintiff's motion for preliminary injunction on July 2, 2013. (Docket No. 35.) The following day, July 3, Plaintiff filed another "Motion for Temporary Restraining Order and To Grant Preliminary Injunction." (Docket No. 36.) The Court summarily denied that motion on grounds that the relief sought was the same as in Plaintiff's still-pending motion for preliminary injunction, (Docket No. 39)—that motion is presently before the Court.

STANDARD

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Accordingly, "[t]he granting or denial of a preliminary injunction is within the sound judicial discretion of the trial court." *Mason Cnty. Med. Ass'n v. Knebel*, 563 F.2d 256, 260–61 (6th Cir. 1977).

> In determining whether to issue a preliminary injunction, the district court is required to consider four factors: (1) whether the movant is likely to prevail on the merits; (2) whether the movant would suffer an irreparable injury if the court does not grant a preliminary injunction; (3) whether a preliminary injunction would cause substantial harm to others; and (4) whether a preliminary injunction would be in the public interest.

*Abney v. Amgen, Inc.*, 443 F.3d 540, 547 (6th Cir. 2006) (quoting *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cnty.*, 274 F.3d 377, 400 (6th Cir. 2001)). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

Although no single factor is controlling when determining whether a preliminary injunction should issue, the likelihood of success on the merits is often the predominant consideration. *See Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) ("[A] finding that there is simply no likelihood of success on the merits is usually fatal."); *Mich. State AFL–CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("[W]hile, as a general matter, none of [the] four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed."). With respect to this first element—a showing of a strong likelihood of success on the merits—the Sixth Circuit advises that "the proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000); *accord Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) ("As a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal.").

Furthermore, "[d]espite the overall flexibility of the test for preliminary injunctive relief, and the discretion vested in the district court, equity has traditionally required such irreparable harm before an interlocutory injunction may be issued." *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 103 (6th Cir. 1982). To establish immediate and irreparable harm there must be an actual, viable, presently existing threat of serious harm. *Cabinet for Workforce Dev.*, 2012 WL 5289659, at *3 (citing *Mass. Coal. of Citizens with Disabilities v. Civil Def. Agency & Office of Emergency Preparedness of Mass.*, 649 F.2d 71, 74 (1st Cir. 1981)). A plaintiff must show injury that is not remote or speculative, but is actual and imminent. *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953); *Abney*, 443 F.3d at 552. The injury must be of such imminence that there is a clear and immediate need for relief in order to prevent harm. *Evans v. Wilson*, 2011 WL 5509543, at *2 (W.D. Ky. Nov. 10, 2011) (citing *Wis. Gas Co. v. Fed. Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985).

DISCUSSION

In this case, Plaintiff has not met his burden for showing that preliminary injunction should be issued. Therefore, his motion must be denied.

Principally, Plaintiff has not shown a likelihood of success on the merits. While an inmate may state a plausible deliberate indifference claim where he has been denied "reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury," he must show both that "the medical need is 'sufficiently serious'" and he also "must allege facts which show that the prison officials had a

'sufficiently culpable state of mind.'" *Scott v. Ambani*, 577 F.3d 642, 648 (6th Cir. 2009) (citations omitted). Here, Plaintiff acknowledges that since the filing of his instant motion for injunctive relief he has been removed from his cell and examined. He also acknowledges that his urine has been tested and, apparently, the results of that test have been provided to him. Further, he acknowledges that prison medical staff has provided him treatment in the form of antibiotic medication. Still, he claims that prison officials are deliberately indifferent to his needs, insisting that he will die within six to eight months and will be vomiting feces within five if the Court does not grant him the injunctive relief he seeks. (*See* Docket No. 33.) Upon reviewing the evidence of record, the Court finds that Plaintiff has not shown that his medical need is sufficiently serious, nor has he alleged facts showing a sufficiently culpable state of mind on the part of prison officials. Rather, the clear implication is that Plaintiff would like a different course of medical treatment than he is receiving. Stated another way, the record reflects that Plaintiff is receiving treatment but is dissatisfied with the type, amount, or extent of treatment provided. As this Court and other district courts in this circuit have repeatedly recognized, "[t]hough [the inmate] may not have received the type of treatment he desires, precedent is unambiguous that under the Eighth Amendment, difference of opinion between patient and healthcare professionals does not give rise to a constitutional claim." *Hines v. Hiland*, 2011 WL 2580350, at *3 (W.D. Ky. June 28, 2011) (citing *Byrd v. Wilson*, 701 F.2d 592 (6th Cir. 1983); *Tolbert v. Eyman*, 434 F.2d 625 (9th Cir. 1970); *Alexander v. Fed. Bureau of Prisons*, 227 F.Supp.2d 657, 666 (E.D. Ky. 2002)); *accord Livingston v. Everson*, 2012 WL 3613292, at *5 (E.D. Ky. Aug. 21, 2012); *Bradley v. Hallsworth*, 2011 WL 4404116, at

*9 (W.D. Mich. Aug. 19, 2011); *Cosgrove v. Bureau of Prisons*, 2010 WL 398981, at *5 (E.D. Ky. Jan. 25, 2010); *Rodriguez v. Lappin*, 2009 WL 2969510, at *6 (E.D. Ky. Sept. 11, 2009). As such, Plaintiff has not shown that he is likely to succeed on his deliberate indifference claim (and, in fact, has shown just the opposite).

Furthermore, the basis for Plaintiff's assertion that his prior facility's physician ordered an ultrasound that has gone unperformed by his current facility is undercut by the very evidence Plaintiff submits in support of that claim. For one, the evidence of record does not indicate that an ultrasound was ordered; instead, the progress note submitted by Plaintiff merely states, "If continues w/ numbness *will consider* ultrasound." (Docket No. 25-15 (emphasis added).) For another, that progress note stating that an ultrasound will be considered was completed by a nurse practitioner, not a physician. (Docket No. 25-15.) Thus, the Court finds that to the extent Plaintiff claims his current facility is deliberately indifferent to his medical needs by failing to honor his physician's orders, his own evidence undercuts any possible showing of a likelihood of success on the merits.

Finally, even if Plaintiff had shown a likelihood of success on the merits, the fact that he acknowledges he has, and is, receiving treatment would seem to moot his claim for injunctive relief. For this reason as well, his motion for preliminary injunction must be denied.

## CONCLUSION

Therefore, the Court finds that Plaintiff has not carried his burden of proving that the circumstances here demand injunctive relief and thus will decline to issue a preliminary injunction as he requests. Accordingly, having considered the Plaintiff's instant motion and being otherwise sufficiently advised;

IT IS HEREBY ORDERED that Plaintiff's motion for preliminary injunction, (Docket No. 29), is DENIED.

IT IS SO ORDERED.

Date:

cc: Glenn D. Odom, II, *pro se*
    Counsel for Defendants