UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**GLENN D. ODOM, II**                                                                                   **PLAINTIFF**

**v.**                                                                  **CIVIL ACTION NO. 5:12CV-P124-R**

**Dr. STEVE HILAND** *et al.*                                                                **DEFENDANTS**

## MEMORANDUM AND ORDER

Plaintiff Glenn D. Odom, II, a *pro* se prisoner proceeding *in forma pauperis*, filed the instant action concerning his incarceration at Kentucky State Penitentiary (KSP). Upon initial review of the complaint pursuant to 28 U.S.C. § 1915A, the Court allowed the following claims to proceed: (1) the individual-capacity claims against Defendants Chanin and Steve Hiland for deliberate indifference to Plaintiff's serious medical need in violation of the Eighth Amendment; and (2) the claim against Defendant Crall in his official capacity for prospective injunctive relief alleging an unconstitutional informal Kentucky State Penitentiary (KSP) policy of denying African American inmates in segregation examinations and treatment given to Caucasian inmates.

In *in forma pauperis* proceedings, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case **at any time** if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added).

On October 31, 2014, Plaintiff filed a notice of change of address in another civil action he has pending in this Court, Case No. 5:13CV-60-GNS, DN 34. In the notice, Plaintiff states that he has been transferred to the Little Sandy Correctional Complex (LSCC). A review of the Kentucky Offender Online Locator System (KOOL) also indicates that Plaintiff is incarcerated at

LSCC. An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate's release from confinement or transfer to another facility. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (finding inmate's request for injunctive relief moot as he was no longer confined to the institution where the alleged wrongdoing occurred). Because Plaintiff is no longer incarcerated at KSP, his claim for injunctive relief against Defendant Crall has become moot.

Accordingly, **IT IS ORDERED** that Plaintiff's injunctive-relief claim is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. The Clerk of Court is **DIRECTED** to terminate Defendant Crall as a party to this action.

Date: January 21, 2015

Greg N. Stivers, Judge
United States District Court

cc: Plaintiff, *pro se*
     Counsel for Defendants
4416.003

2