UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00124-GNS

GLENN D. ODOM, II                                                                                        PLAINTIFF

v.

STEVE HILAND, et al.                                                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion for Reconsideration (DN 123) and a Motion for Extension of Time to File Motion to Proceed in Forma Pauperis on Appeal (DN 128) filed by Plaintiff Glenn D. Odom, II ("Odom"). These matters are ripe for adjudication. For the reasons stated below, the Court **DENIES** Odom's Motion for Reconsideration, and **GRANTS** Odom's Motion for Extension to Proceed in Forma Pauperis on Appeal.

### I.    BACKGROUND

Odom is an inmate at the Kentucky State Reformatory (Notice of Change of Address, DN 98). While he initially asserted a variety of claims, prior to Odom's filing of a motion for summary judgment, the Court dismissed all of the claims except for a 42 U.S.C. § 1983 claim of deliberate indifference to Odom's medical needs asserted against Steve and Chanin Hiland (collectively, "Defendants"). (Mem. Op. & Order, DN 27; Mem. & Order 2, DN 84).

On May 21, 2015, Odom filed a motion for summary judgment, and Defendants filed their own motion for summary judgment on June 4, 2015. (Pl.'s Mot. for Summ. J., DN 89;

Defs.' Mot. for Summ. J., DN 90). On December 11, 2015, the Court granted Defendants' motion for summary judgment dismissing all claims and denied Odom's motion for summary judgment. (Mem. Op. & Order, DN 120; J., DN 121). The Court found that while Defendants "did not address Odom's medical needs to his satisfaction, that dissatisfaction alone is not a *per se* constitutional violation," and that the record did not reflect that Odom's medical needs were neglected. (Mem. Op. & Order 7).

On January 6, 2016, Odom filed a Motion for Reconsideration asking the Court to reconsider its December 11, 2015 Memorandum Opinion and Order, (Pl.'s Mot. for Recons., DN 123), to which Defendants have responded (Defs.' Resp. to Pl.'s Mot. for Recons., DN 124). On January 19, 2016, Odom filed a Notice of Appeal (DN 125) as to the Court's December 11, 2015 Memorandum Opinion and Order. Finally, on January 25, 2016, Odom filed a Motion for Extension of Time to File Motion to Proceed in Forma Pauperis on Appeal. These motions are ripe for adjudication.

## II.     JURISDICTION

Plaintiff alleges a claim arising under 42 U.S.C. § 1983. This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

## III.     STANDARD OF REVIEW

Motions for reconsideration are analogous to a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). *Cobb v. City of Detroit Common Council*, 897 F.2d 529, 1990 WL 25055, at *1 (6th Cir. 1990) (unpublished table decision) (citations omitted). "[A] court may alter the judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest

injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (internal quotation marks omitted) (citation omitted).

### IV. DISCUSSION

In his Motion for Reconsideration, Odom restates the arguments presented in his motion for summary judgment. He has not alleged that the Court's December 11, 2015 Memorandum Opinion and Order contains a clear error of law. He has not offered any newly discovered evidence. He has not brought any intervening change in controlling law to the Court's attention, nor has he shown a need to prevent manifest injustice. Absent a showing of any of these individually sufficient conditions, the Court must deny Odom's motion for reconsideration.

Odom also seeks to file a motion to proceed in forma pauperis on appeal ten days after the Court rules on his motion for reconsideration. Odom does not cite any law that would require the Court to grant him an extension of time to file his in forma pauperis motion.[1] Nevertheless, absent any objection from Defendants, the Court will grant Odom's request for an extension of time.

---

[1] Federal Rule of Appellate Procedure 24(a)(5) dictates that a party "may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice" of a denial of a motion to proceed on appeal in forma pauperis by this Court. It does not, however, impose a deadline for a party to file an initial motion to proceed on appeal in forma pauperis in this Court, and 28 U.S.C. § 1915 does not contain any such deadline.

## V. CONCLUSION

For the reasons outlined above, **IT IS HEREBY ORDERED** that Odom's Motion for Reconsideration (DN 123) is **DENIED**, and Odom's Motion for Motion for Extension of Time to File Motion to Proceed in Forma Pauperis on Appeal (DN 128) is **GRANTED**. Odom **SHALL** file any motion to proceed on appeal in forma pauperis within **ten (10) days** of entry of this Memorandum Opinion and Order.

**Greg N. Stivers, Judge**
**United States District Court**
March 24, 2016

cc: counsel of record
Glenn D. Odom, II, *pro se*